IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LARRY WHITTON, on behalf of himself, and all other similarly situated,**<br><br>     **Plaintiff,**<br><br>     v.<br><br>**DEFFENBAUGH DISPOSAL, INC.,** *et al.***,**<br><br>     **Defendants.** | Case No. 12-2247 |

### MEMORANDUM AND ORDER

On May 1, 2012, named-plaintiff Larry Whitton, on behalf of himself and all others similarly situated, brought claims against defendants Deffenbaugh Disposal, Inc. and Deffenbaugh Industries, Inc. for breach of contract, violation of the Kansas Consumer Protection Act ("KCPA"), and unjust enrichment for defendants' practice of charging two types of fees: an "environmental/fuel charge" and an "administrative fee." Plaintiff asked for certification of two classes (KCPA and breach of contract), but this court denied class certification with respect to both classes in June 2014. (*See* Doc. 70.) On October 27, 2014, the court ruled on defendants' motion for summary judgment. (Doc. 96.) On October 28, 2014, the court ruled on plaintiff's motion for reconsideration. (Doc. 97.) Today, the matter before the court is defendants' Motion to Reconsider and Vacate the Court's October 28, 2014 Order. (Doc. 99.)

A comprehensive factual background of this case can be found by reading the court's orders, dated June 11, 2014 (denying plaintiff's motion to certify class), October 27, 2014 (denying defendants' motion for summary judgment), and October 28, 2014 (granting plaintiff's motion for reconsideration). (Docs. 70, 96, 97.) Rather than repeating it here, the court will instead briefly summarize its October 2014 rulings.

-1-

**I. Background**

The court issued two rulings within a day of each other: one denying defendants' motion for summary judgment and one granting plaintiff's motion for reconsideration. In the motion before the court, defendants do not contest the court's denial of summary judgment. Defendants instead request the court reconsider its October 28 order, granting plaintiff's motion for reconsideration. In doing so, defendants question the compatibility of the two October orders. The court will discuss those orders below.

**A. Order Denying Summary Judgment**

The court begins by noting that the standard for summary judgment is "no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and reasonable inferences in a light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). While the court found many genuine issues of material fact, only one needed to be present in order to deny defendants' motion.

The first genuine issue was the relationship between the "environmental" and "fuel" portions of the fees. (Doc. 96 at 3.) Throughout the briefing, the parties and record contained many contradicting references to these fees. The court concluded that summary judgment could not be granted with so many discrepancies in the terms' usage and reference points.

The second issue was defendants' consent defense. The court pointed out that defendants' argument presented plaintiff with a Hobson's choice: dispute a fee upon the first billing or waive the right to dispute the fee. The court believed that "[a] reasonable juror may find for plaintiff because his choice to wait before bringing his suit does not mean he consented to that particular charge by Deffenbaugh." (*Id.* at 4.) The court also pointed out that the handwritten notations on plaintiff's contracts do not answer the question as to whether plaintiff did or did not consent to a charge,

particularly any "environmental" charge (or portion of the charge). Those facts, the court determined, must be resolved by the trier of fact. *See Prenalta Corp. v. Colo. Interstate Gas Co.*, 944 F.2d 677, 686 (10th Cir. 1991).

The last issue was the voluntary payment doctrine, which defendants argue barred plaintiff's claim. Under this doctrine, payments made voluntarily and with full knowledge of all facts cannot be recovered by the payor absent fraud, duress, or mistake. *See MacGregor v. Millar*, 203 P.2d 137, 139–40 (Kan. 1949). Because that doctrine is heavily fact-dependent, the court could not determine whether plaintiff made payments with or without a full knowledge of the facts. That determination was a question for a jury. Accordingly, the court denied summary judgment.

**B.  Order Granting Reconsideration and Class Certification**

One day after denying defendants' motion for summary judgment, the court granted plaintiff's motion for reconsideration, certifying a class of plaintiffs in the process. The court discussed the propriety of a motion for reconsideration in the context of a class action suit. (*See* Doc. 97 at 3–5.) The court concluded it could reconsider its June 2014 order that denied plaintiff's motion to certify class. There were two reasons for this. First, plaintiff's motion did not follow a *dispositive* order. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) ("An order refusing to certify, or decertifying, a class does not of its own force terminate the entire litigation because the plaintiff is free to proceed on his individual claim."). Second, and more importantly, the court noted that its conclusion is supported by multiple authorities, such as Federal Rule of Civil Procedure 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment.") and the Tenth Circuit, *see DG v. Devaughn*, 594 F.3d 1188, 1201 (10th Cir. 2010).

## II. Legal Standard

The decision whether to grant or deny a motion to reconsider is within the court's sound discretion. *In re Baseball Bat Antitrust Litig.*, 75 F. Supp. 2d 1189, 1192 (D. Kan. 1999) (citing *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988)) (additional citation omitted). Under Local Rule 7.3(b), there are three grounds that may justify reconsideration: (1) "an intervening change in controlling law"; (2) the "availability of new evidence"; or (3) "the need to correct clear error or prevent manifest injustice." *Shinwari v. Raytheon Aircraft Co.*, 25 F. Supp. 2d 1206, 1208 (D. Kan. 1998) (citation omitted). "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1011 (10th Cir. 2000).

## III. Analysis

Defendants request the court vacate its October 28, 2014 Memorandum and Order (Doc. 97) that granted plaintiff's motion to reconsider and also certified a class of plaintiffs. Defendants argue the court committed manifest error by: (A) considering plaintiff's motion for reconsideration in the first place, (B) considering a new class definition on plaintiff's motion for reconsideration; (C) concluding that defendants' defenses of consent and voluntary payment do not apply; (D) concluding that the "Fuel/Environmental" surcharge is two separate fees (and certifying the class based on this erroneous conclusion); and (E) depriving defendants of due process. The court will now consider defendants' arguments.

**A. Errors in Considering Plaintiff's Motion for Reconsideration At All**

The court begins by noting that the parties agree on two points. First, the decision whether to grant or deny a motion to reconsider is within the court's sound discretion. *See In re Baseball Bat*, 75

F. Supp. 2d at 1192.  Second, Rule 23 allows a court to amend or alter a class certification order at any time before final judgment.  Fed. R. Civ. P. 23(c)(1)(C).

Defendants' arguments are heavily semantic in regarding plaintiff's procedural failure to title his motion correctly.  Had plaintiff's motion for reconsideration been entitled "renewed motion to certify class," there could be little question of the court's ability to consider a new definition.  *See id.*; *Devaughn*, 594 F.3d at 1201 ("We also note the district court's present certification decision is a preliminary one. . . .  If the court so finds, it possesses the discretion under Rule 23(c)(1)(C) to amend its certification order to reflect its findings or decertify the class altogether prior to final judgment.").  And, while the court did not expressly say it construed plaintiff's motion as a renewed motion to certify class, it could have.  *See In re Motor Fuel Temperature Sales Practices Litig.*, 279 F.R.D. 598, 600–01 (D. Kan. 2012) (construing defendants' motion to decertify as a motion for reconsideration and plaintiffs' response to that motion as a renewed motion for class certification under Fed. R. Civ. P. 23).[1]

Either way, this court treated plaintiff's motion like it did in *Arkalon Grazing Ass'n v. Chesapeake Operating, Inc.*, No. 09-1394-CM, 2014 WL 3089556, at *1 (D. Kan. July 7, 2014)—despite *Arkalon*'s slightly different procedural posture.  There, the court granted plaintiff's motion to certify class.  Defendants then filed a motion to decertify.  The court explained:

> Under Rule 23(c)(1)(C), the district court can alter or amend its class certification order at any time before final judgment is entered.  *See DG ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1201–02 (10th Cir. 2010) (noting that the court "possesses the discretion under Rule 23(c)(1)(C) to amend its certification order to reflect its findings or decertify the class altogether prior to final judgment") (citations omitted).  Although some courts have applied a standard more similar to one used when deciding a motion for reconsideration, *see*, *e.g.*, *Schell v. OXY USA Inc.*, No. 07-1258-JTM, 2013 WL 4857686, at *3 (D. Kan. Sept. 11, 2013); *Motor Fuel*, 279 F.R.D. at 600, n.2, **the court finds that Rule 23(c)(1)(C) is most on point**.  But the court does agree that "the defendant must

---

[1] The court is cognizant that *Motor Fuel* involved a change in controlling (class action) law.  However, the court believes the *Motor Fuel* court's treatment of those motions is logically sound and persuasive.

-5-

>logically provide some reason for the court to change its conclusion." *Schell*, 2013 WL 4857686, at *3.

*Arkalon*, 2014 WL 3089556, at *1 (emphasis added).  Therefore, had plaintiff merely entitled his motion "renewed motion to certify class" (or something similar), plaintiff's burden would have been to provide any reason for the court to change its conclusion.  *See id*. (citing *Schell*, 2013 WL 4857686, at *3).  The court believed plaintiff satisfied this burden and proceeded accordingly.

Even under the standard for a motion for reconsideration (in a non-class-action case), reconsideration was proper.  As mentioned previously, a court may reconsider its order where the court has misapprehended the facts.  *Servants*, 204 F.3d at 1011.

Defendants first argue plaintiff raised no *new* evidence, as *Shinwari* requires.  *Shinwari*, 25 F. Supp. 2d at 1208.  In response, plaintiff now claims his motion for reconsideration "clarified the circumstances" for the court, citing *Washington v. Vogel*, 158 F.R.D. 689, 693 (M.D. Fla. 1994).  Defendants object to plaintiff's hindsight-aided argument, pointing out that *Vogel* required *material* clarifications.  To the extent plaintiff clarified anything, defendants dispute that plaintiff's clarification was *material*.  *Vogel*, 158 F.R.D. at 693.  In other words, defendants contend that plaintiff has not demonstrated the court misapprehended the facts—clarification or not.  The court understands defendants' arguments but is unpersuaded.

In his motion for reconsideration, plaintiff implicitly argued the court misapprehended the facts regarding the relationship of the fees.  While plaintiff did not use the exact phrase "misapprehended the facts," plaintiff's motion focused on one particular aspect of the court's June 2014 order: the court's inability to decipher the relationship between defendants' fees.  Plaintiff then clarified the facts in evidence that he thought the court misapprehended.  Plaintiff's clarification was material.

In denying plaintiff's motion to certify class, the court explained:  "It is unclear based on the information before the court exactly what the relationship is between the 'environmental' and 'fuel'

portions of the fee(s). If the court cannot determine whether the "fuel fee" is separate from the "environmental" fee at a certain point in time, then it would be difficult for potential class members to do so." (Doc. 70 at 18.) This material fact prevented the court from "redefining the class definition and certifying the claim only as to the fuel fee." (*Id*.) In his motion for reconsideration, plaintiff clarified that at a certain time—prior to February 2011—the "fuel/environmental" fee did not contain an environmental component. (*See* Doc. 94.) While plaintiff may have only *implicitly* argued that the court misapprehended the facts, plaintiff provided a reason for the court to change its conclusion. Accordingly, the court believes it properly granted plaintiff's motion for reconsideration. Many of these same reasons apply to defendants' next argument.

**B. Error in Considering a New Class Definition on Plaintiff's Motion for Reconsideration**

Defendants argue plaintiff's revised class definition was not before the court on plaintiff's original motion to certify class, citing *Dollar Phone Corp. v. St. Paul Fire*, No. 09-CV-1640 (DLI)(VVP), 2011 WL 837793, at *3 (E.D.N.Y Mar. 4, 2011). The *Dollar* court stated: "With regard to the newly proposed amended class that Plaintiffs put forth in the motion for reconsideration, the magistrate judge correctly noted that *the revised class definition was not before the court in Plaintiffs' original motion*, and thus was not properly the subject of a motion for reconsideration." *Id*. (emphasis added). But plaintiff's revised class definition was before this court on plaintiff's original motion. In fact, the court expressly considered certifying a *broader* class in its June order than the one in plaintiff's motion for reconsideration. (Doc. 70 at 18 ("Finally, the court did consider redefining the class definition and certifying the claim only as to the fuel fee because the contract provision does explicitly state that defendants could increase rates to adjust for increases in its fuel costs.") (citing Fed. R. Civ. P. 23(c)(1)(B)).) The revised definition in plaintiff's motion for reconsideration was also *narrower* than the class definition plaintiff's original motion to certify class. (*See* Doc. 97 at 5–6.)

Defendants are correct that the court ultimately certified a broader class than that which appeared in plaintiff's motion for reconsideration. But it was not broader than the definition in plaintiff's original motion to certify class. In other words, the court could have begun with the definition in plaintiff's original motion to certify class and narrowed that definition—rather than broadening plaintiff's revised definition. Either way, the class the court certified was the precise definition the court contemplated certifying in its June 2014 order.

**C. Error in Concluding that Defenses of Consent and Voluntary Payment Do Not Apply**

Contrary to defendants' argument, the court's October orders—denying summary judgment (Doc. 96) and granting plaintiff's motion for reconsideration/class certification (Doc. 97)—are compatible. The standards for summary judgment and class certification (particularly the predominance factor) are not the same. Courts grant motions for summary judgment when the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Predominance, on the other hand, is satisfied "if there is a common nucleus of operative facts relevant to the dispute and those common questions represent a significant aspect of the case which can be resolved for all members of the class in a single adjudication." *Eatinger v. BP Am. Prod. Co.*, 271 F.R.D. 253, 261 (D. Kan. 2010) (citations omitted).

Here, because no class had been certified, summary judgment could only be granted with respect to named-plaintiff Whitton, meaning only Mr. Whitton's actions or knowledge were relevant to defendants' motion for summary judgment. The court concluded that defendants were not entitled to judgment as a matter of law because there were genuine issues of material fact with respect to the defense of consent (whether Mr. Whitton consented to various charges) and the voluntary payment doctrine (whether Mr. Whitton had full knowledge of all facts regarding the disputed fees upon making a voluntary payment). Respectively, the court was concerned with the handwritten notations on Mr.

Whitton's contracts and whether Mr. Whitton voluntarily paid the disputed fee, possessing full knowledge of the facts concerning the nature of the fee when he did. The court therefore found that genuine issues of material fact existed, precluding summary judgment as to named-plaintiff Whitton's claims.

That finding is consistent with the court's ruling that those defenses do not preclude class certification. Importantly, predominance is analyzed in the context of all proposed plaintiffs—not just named-plaintiff Whitton. The court concluded that defendants' defenses may be decided in a single adjudication. *See Eatinger*, 271 F.R.D. at 261. For instance, the contract provision at issue may be interpreted in a way that negates the availability of the defense of consent. Alternatively, class-wide discovery might produce evidence demonstrating that individual inquiries are necessary. If so, the court will re-evaluate class certification pursuant to Rule 23. (*See* Doc. 97.) Moreover, courts should err on the side of class certification because they have broad discretion to later redefine (or even decertify) the class. *Esplin v. Hirschi*, 402 F.2d 94, 99 (10th Cir. 1968); *see also Small v. BOKF, N.A.*, No. 13-CV-01125-REB-MJW, 2014 WL 3893052, at *1 (D. Colo. Aug. 8, 2014); *Sibley v. Sprint Nextel Corp.*, 254 F.R.D. 662, 670 (D. Kan. 2008). The court has not **invalidated** defendants' defenses; rather, the court believes they do not preclude class certification.

### D. Error in Concluding that the "Fuel/Environmental" Fee is Two Separate Fees

Defendants argue that this court erred by concluding that the "Environmental/Fuel" surcharge is two, separable fees because that conclusion was reached without a fully-developed record and briefing on the issue. The court's conclusion, however, was based on the same record that defendants succeeded in defeating plaintiff's motion to certify. Upon a new review of the record, the Fuel/Environmental fee appeared to be separable. (*See* Doc. 97.) While the court will not repeat that analysis here, the court will make three brief points.

First, the court's June order (Doc. 70) dealt with two separate issues and therefore classes (referred to in that order as the KCPA Class and the Contract Class). The court's October 28 order was focused solely on the fuel fee and fuel component of the fuel/environmental fee. The review of the record, therefore, was more focused and produced a different result. That may not always be the case, but it was in this particular case.

Second, the evidence suggesting the fee was separable included defendants' own internal spreadsheet detailing approximately 1036 different contracts. Notable findings using this document include (1) the use of two different "Form[s]" (one in use 2005–2011, one in use 2011–Present), (2) two separate columns for tracking the "administrative fee" and the "fuel surcharge," (3) whether a fuel surcharge is "mentioned," (4) whether a fuel surcharge is "capped" (or limited) at a specific amount or percentage, (5) whether a fuel surcharge is prohibited altogether, and (6) the absence of an environmental fee (or component of the fee) column—even though many contracts specifically mention, cap, and/or prohibit an environmental fee. (*See* Doc. 59-5 at 65–75.)

Third, the certified class complies with the Tenth Circuit's recent decisions regarding contract-based class actions. *See Chieftain Royalty Co. v. XTO Energy, Inc.*, 528 F. App'x 938, 942 (10th Cir. 2013); *Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc.*, 725 F.3d 1213, 1219 (10th Cir. 2013). Defendants state that, while there are over 25,000 contracts implicated under the court's certified class, the record includes only 1036 contracts. Nevertheless, the court does not believe this precludes class certification. First, class-wide discovery has not taken place yet. Second, the record before the court—particularly the documents upon which the court relied—was almost entirely supplied by defendants. Of course, this is because they possess the contracts for all their customers (potential class members or not) and have internal tracking mechanisms (like the spreadsheet discussed above). Any deficiency in the record can largely be attributed to defendants.

Also unlike *Chieftain* and *Roderick*, the instant case only has two variations in contract language: line-item vetoes or corrections to the uniform, standardized Terms and Conditions (on the back side of the contract) and/or handwritten notation(s) on the front side of the contract. Plus, plaintiff's original class definition focused on one particular provision in the contract, considerably narrowing any language variations in the first place. None of the contracts in the record before the court contained any vetoes or corrections to the provision at issue in this case. (Doc. 97 at 10.) Therefore, the only remaining variation between contracts is the handwritten notation(s) that appear on most contracts. Because the court thoroughly detailed its observations regarding the handwritten notations in its October 28, 2014 order (Doc. 97 at 8–13), the court will not repeat itself here. The court does not believe that the mere existence of these handwritten notations precludes finding liability on a class-wide basis. If necessary, the court can create subclasses for each of the eight, already-identified handwritten notation variations. Indeed, the court identified at least eight handwritten variations, each of which could be its own sub-class.

### E. The Court Denied Defendants Due Process

Defendants' final argument is that the court denied them due process by: (1) allowing plaintiff to repeatedly revise his class definitions and (2) broadening plaintiff's revised class definition stated in his motion for reconsideration. The court's expansion of the class, defendants argue, did not give defendants an opportunity to oppose the class certified by the court. Defendants believe the new class raised new and different Rule 23 concerns than any previous definition before them. As discussed earlier in this opinion, neither definition—the definition in plaintiff's motion for reconsideration or the definition ultimately certified by the court—were broader than the definition in plaintiff's motion to certify class (Docs. 48, 51). In fact, the definitions were considerably narrower.

Defendants also had ample opportunity to oppose the class definition that was eventually certified. Defendants opposed class certification of any kind. Defendants opposed the definition in plaintiff's motion to certify class, and then opposed the revised definition in plaintiff's motion for reconsideration. According to defendants, whether the fuel/environmental charge could be separated had never been raised before the court's October 28 order. The court is unpersuaded. The fees were first separated in plaintiff's initial proposed class definition. (Doc. 51 at 13 ("All individuals and entities who reside in the United States who (1) paid 'environmental/fuel charges,' 'fuel surcharges,' and/or 'administrative fees'.").) Defendants then admit they had notice of the separable nature of the fees upon the court's June order. (Doc. 100 at 11 ("*Prior to the Court's comment in the Order denying class certification*—that it considered whether the surcharge could be separated—the issue had not been raised.") (emphasis added).) Defendants then opposed plaintiff's motion for reconsideration, which defendants admit contained plaintiff's argument that the fuel/environmental surcharge could be separated.

Finally, the court notes that the fact that the fuel/environmental fee is separable has only one practical effect: It allows a potential class member with a contract containing a "fuel/environmental" surcharge to be included in the fuel-fee class. This is because, if a customer paid a "fuel/environmental" charge, that customer necessarily paid a "fuel charge." The court further explained that including such a customer did not implicate the defense of consent because the court is not including the environmental charge (or portion of the charge) for liability purposes—only the fuel *component* of the "fuel/environmental" charge. In other words, the fact that the fuel/environmental charge is separable does not impact whether defendants are liable.

**IV. Conclusion**

For all of these reasons, defendants' Motion to Reconsider and Vacate the Court's October 28, 2014 Order (Doc. 99) is denied. Defendants have not shown the court committed manifest error. The court properly considered plaintiff's motion for reconsideration and a new class definition, which was a narrower definition than the definition found in plaintiff's motion to certify class (Doc. 48). For the same reason, the court's expansion of the definition found in plaintiff's motion for reconsideration (Doc. 72) was permissible. Defendants' defenses of consent and voluntary payment are not foreclosed, but the court also believes the defenses do not preclude class certification. Those defenses may be found applicable (or inapplicable) on a class-wide basis after class-wide discovery is complete. The court reaffirms its determination that the fuel/environmental charge is actually two separate fees. Finally, the court believes defendants had ample notice of and opportunity to oppose: (1) plaintiff's revised class definition in his motion for reconsideration; (2) the argument that the fuel and the fuel/environmental fees are two distinct fees; and (3) the definition ultimately certified by the court in its October 28 order.

**IT IS THEREFORE ORDERED** that defendants' Motion to Reconsider and Vacate the Court's October 28, 2014 Order (Doc. 99) is denied.

Dated this 23rd day of February, 2015, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**